# United States District Court for the District of the State of New Jersey

| | |
|---|---|
| Kenneth Crowell Isaacson, Sr., Plaintiff | Case No. 12-4473 (WJM) |
| vs. | |
| Edward Defranceschi, Esquire, David Klemm, Esquire, and the law firm of Defranceschi & Klemm, PC, *Defendant*. | Complaint in Law & Equity Request for Jury Trial |

Complaint in Law, and Equity, for Breach of Contract, Attorney Malpractice, Negligent Legal Representation

Kenneth Crowell Isaacson, Sr, ("Mr. Isaacson" or "plaintiff") appears before this honorable Court, and files this Complaint in Law, and Equity, for Breach of Contract, Attorney Malpractice, Interference with Public Relations, and Fraud, against Edward Defranceschi, Esquire ("Attorney Defranceschi" or "defendant"), David Klemm, Esquire ('Attorney Klemm" or "defendant"), and the law firm of Defranceschi & Klemm, PC (or collectively, as to Attorney Defranceschi, Attorney Klemm, and the law firm Defranceschi & Klemm, "defendants") stating the following:

## Jurisdiction

1. Mr. Isaacson is a citizen of the state of New Jersey, with his physical address being 174 W. 8th Street, Bayonne, NJ 07002.

2. Mr. Isaacson's New Jersey driver's license, and state records, records this address as his official home address since July 2011.

3. The defendants are, according to information and belief, residents of the Commonwealth of Massachusetts, and their law firm, Defranceschi & Klemm, PC., is a chartered, Commonwealth of Massachusetts, professional corporation with its principle address being 6 Beacon Street, Boston MA,

4. The amount plaintiff is seeking to recover from the defendants exceeds $275,000.00 United States dollars.

5. This Court has jurisdiction over this matter under 28 U.S.C. 1332. Both plaintiff and defendants are residents, businesses, or both, of different states, and the amount to be recovered by the plaintiff is greater than the minimum amount for diversity jurisdiction.

## Request for Expedited Trial and Trial by Jury

6. Plaintiff requests a trial by jury.

7. Plaintiff requests expedited trial, stating his reasons as follows:

   7a. Significant financial harm has come to the plaintiff, by way of the defendant's conduct, which is severe, and ongoing. A home is involved, and that home is severely damaged, and being damaged further, by the defendants acts, and the defendants failure to act.

7b. A protracted civil dispute will endanger the plaintiff further, to the point of complete financial ruin, where now, if trial is conducted quickly, there is the potential for saving something of the plaintiffs estate, which, but for the defendants actions, would not be at risk of ruin.

7c. The discovery in this matter is straightforward. All likely discoverable materials are readily available, and the need for interrogatories, admissions of fact, depositions, and expert witnesses is minimal, and that the majority of discoverable material will likely be made available through automatic disclosure prior to the Court's pre-discovery scheduling conference.

7d. Trial should not last more than two days.

8. Plaintiff therefore requests, prior to this Court's anticipated pre-discovery scheduling conference, to consider the need for an expedited trial, and to issue its order for a pre-trial scheduling conference as soon as possible upon receipt of defendants' answer to plaintiff's complaint.

### Breach of Contract

1. Mr. Isaacson and the defendants had a contract for legal services.
2. The defendants entered their appearance in a civil matter on behalf of Mr. Isaacson per the terms of this contract.
3. The contract called for legal representation in the civil matter.
4. Defendants did not adequately represent Mr. Isaacson before the Court, in breach of their contracted duties to do so.
5. Defendants breached their contractual duties owed to Mr. Isaacson, Mr. Isaacson was harmed as a result, and damages to Mr. Isaacson occurred.

<u>Attorney Malpractice</u>

6. Mr. Isaacson and the defendants had a contract for legal services.

7. The defendants entered their appearance in a civil matter on behalf of Mr. Isaacson per the terms of this contract.

8. The contract called for legal representation in the civil matter.

9. Defendants did not adequately represent Mr. Isaacson before the Court, in breach of their contracted duties to do so.

10. Defendants negligently performed their duties, as attorneys-at-law, owed to Mr. Isaacson, Mr. Isaacson was harmed as a result, and damages to Mr. Isaacson occurred.

<u>Negligent Legal Representation</u>

11. Mr. Isaacson and the defendants had a contract for legal services.

12. The defendants entered their appearance in a civil matter, on behalf of Mr. Isaacson per the terms of this contract.

13. The contract called for legal representation in the civil matter, and, through the course of this civil matter, it became necessary for the defendants to file a motion, or to modify an already drafted motion, to include language that was reasonably certain to protect the interests of Mr. Isaacson.

14. This language, or the additional motion, had a very high likelihood of being granted, by the court, and would have provided Mr. Isaacson with the funds necessary to purchase insurance for a property to protect the property against loss.

15. The property was subsequently, catastrophically, damaged, of which the insurance would have protected the property against the loss sustained, which was a loss due to water damage from a burst pipe.

16. The motion that was filed, a joint motion by plaintiff attorneys and defendant attorneys, allowed for money to be released, on behalf of the plaintiff in that case, to pay property taxes on the land it had levied, which was this property, held in equity, by Mr. Isaacson.

17. In an email from the plaintiff to the defendant, it is clear, that the plaintiff would have allowed the defendant attorneys to include, in the joint motion, or to draft a second joint motion, for the release of funds necessary to purchase property insurance.

18. Defendants failed to include the language in the already drafted motion, and failed to file an additional motion.

19. The damage sustained appears to be in excess of $275,000.00, both to the structure of the main building on the property, the fixtures, and the contents, in the home, at the time the damage occurred.

20. Defendants did not adequately represent Mr. Isaacson before the Court, in breach of their contracted duties to do so.

21. Defendants negligently performed their duties, as attorneys-at-law, owed to Mr. Isaacson, Mr. Isaacson was harmed as a result, and damages to Mr. Isaacson occurred.

Mr. Isaacson respectfully requests of this Court to set this matter for trail, find the defendants guilty, and issue the following orders granting Mr. Isaacson his requested relief:

1. That this matter be set for an expedited trial track of six months, or one year, from date of acceptance of service by the defendants.

2. The defendants to pay, to Mr. Isaacson, $275,000.

3. And other such relief as the Court deems just and proper.

Respectfully submitted,
Kenneth Crowell Isaacson, Sr.
Plaintiff
/s/ Kenneth Crowell Isaacson, Sr.

Kenneth Crowell Isaacson, Sr.
174 W. 8th Street
Bayonne, NJ 07002
Telephone: (201) 436-6723
E-mail: grokci@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 13, 2012, I filed the foregoing with the Clerk of the United States District Court for the State of New Jersey, which sent notification of such filing, by way of United States Marshal to the following:

Edward Defranceschi, Esquire,
David Klemm, Esquire,
Defranceschi & Klemm, PC,

6 Beacon Street
Boston MA,


/s/ Kenneth Crowell Isaacson, Sr.

Kenneth Crowell Isaacson, Sr.
Plaintiff